UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
COSA INSTRUMENT CORP. and XENTAUR
CORP.,

                          Plaintiffs,

            -against-

HOBRE INSTRUMENTS BV,

                        Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 09-175(ADS)(ARL)

**LINDSAY, Magistrate Judge:**

      Following the entry of a default judgment against defendant Hobre Instruments BV ("Hobre"), this matter was referred to the undersigned by District Judge Spatt for a report and recommendation as to damages, including reasonable attorneys' fees and costs. In light of the broad injunctive relief that plaintiffs seek, by order dated January 7, 2010, the undersigned deferred the damages inquest until Hobre was provided with an opportunity to respond to plaintiffs' motion. Hobre has since filed opposition papers. For the following reasons, the undersigned respectfully recommends that plaintiffs' motion be denied.

**DISCUSSION**

      Plaintiffs manufacture and service high-end industrial machines. (Compl. ¶ 2.) Plaintiffs allege that beginning in 2001, they purchased component parts from defendant Hobre for their COSA 9600 calorimeter product, and that plaintiffs ceased purchasing parts from Hobre in 2007. (*Id*. ¶¶ 5, 6.) Plaintiffs allege that, in late 2008, Hobre sent two cease-and-desist letters requesting that plaintiffs stop manufacturing and selling their COSA 9600 and New COSA 9600 calorimeters. (*Id*. ¶ 8, Ex. C.) In response to the perceived threat of litigation, plaintiffs brought the following action seeking a declaratory judgment that: Hobre has no rights in the COSA 9600

and New COSA 9600 trade dress, trademarks or copyrights; the COSA 9600 and New COSA 9600 do not infringe upon Hobre's trade dress, trademarks or copyrights; plaintiffs have not engaged in unfair competition through the sale of the COSA 9600 and New COSA 9600; and plaintiffs have not misappropriated Hobre's trade secrets relating to the COSA 9600 and New COSA 9600. (*Id*. at 19-20.) Plaintiffs also seek an order enjoining Hobre from challenging plaintiffs' right to sell its products, including the COSA 9600 and New COSA 9600, in the United States. (*Id*. at 20-21.) Finally, plaintiffs seek an award of attorneys' fees and costs totaling $72,447.39. (Docket Entry 14.)

Although counsel has recently appeared on Hobre's behalf, Hobre does not argue that the default judgment should be vacated, apparently because it "would prefer to let the parties' products compete in the marketplace" rather than to pursue litigation.[1] (Docket Entry 22 ¶ 12.) For the purpose of this motion, Hobre is therefore deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993). However, plaintiffs' damages claims must be established through an evidentiary proceeding, with Hobre afforded an opportunity to contest the relief sought. *Greyhound Exhibitgroup*, 973 F.2d at 158. During this proceeding, the court must ensure that there is a basis for relief before entering judgment. *See Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). The court may make this determination after reviewing the parties' detailed

---

[1] In the undersigned's previous order, the court expressed concern as to whether Hobre had been properly served with a summons and complaint. However, Hobre does not contest that service was proper. Further, it is undisputed that plaintiffs have served Hobre with all papers in this action. (*See* Docket Entry 17.)

affidavits and documentary evidence. *See* FED. R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991). "While a default constitutes an admission of all the facts 'well pleaded' in the complaint, it does not admit any conclusions of law alleged therein, nor establish the legal sufficiency of any cause of action." *In re Industrial Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000).

The court has allowed plaintiffs to supplement their application with additional evidentiary support. (*See* Docket Entry 13.) Plaintiffs instead rely solely upon the complaint's uncontested claims. On that basis, Hobre argues that plaintiffs' motion should be denied because: (1) plaintiffs' submissions do not provide sufficient support for such an award; (2) the relief sough exceeds the claims contained in the complaint; and (3) plaintiffs are not entitled to an award of attorneys' fees.

Although the court agrees with Hobre that plaintiffs' complaint contains numerous legal conclusions, the complaint's detailed factual allegations are sufficient to support plaintiffs' claims.[2] The question remains, however, whether these claims give rise to a right to relief where

---

[2] Plaintiffs' complaint asserts five causes of action: (1) non-infringement of Hobre's trade dress; (2) non-infringement of Hobre's trademarks; (3) no unfair competition; (4) non-infringement of Hobre's copyrights; and (5) no misappropriation of Hobre's trade secrets. (*See* Compl. ¶¶ 50-111.) Under the first claim, plaintiffs assert that they have not violated Hobre's trade dress rights because the three-panel design of the parties' products is functional and therefore unprotected under the Lanham Act. Under the second claim, plaintiffs assert that their products did not indicate that Hobre as the source, and that Hobre's trademark did not appear anywhere on the shipped products. Under the third claim, plaintiffs assert that Hobre is unknown in the United States, and that plaintiffs took no steps to confuse or mislead the public as to the source of their products. Under the fourth claim, plaintiffs assert that they have not copied any of Hobre's software nor have they reproduced any of Hobre's technical manuals. Finally, under the fifth claim, plaintiffs assert that none of the information relating to the parties' products is either confidential or proprietary, and therefore plaintiffs have not misappropriated any of Hobre's trade secrets. Accordingly, plaintiffs' complaint contains more than just mere legal conclusions as Hobre suggests. The court is also mindful that, to the extent that plaintiffs assert *non-*

3

plaintiffs seek only a declaratory judgment and injunction. The Declaratory Judgment Act provides that, in a case of "actual controversy," a "federal court *may* declare the rights and legal relations of any party seeking such declaration . . . ." 28 U.S.C. § 2201 (emphasis added). It is thus well-established that the right to a declaratory judgment is within the court's discretion rather than an absolute right. *See Dow Jones & Co., Inc. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 404-05 (S.D.N.Y. 2002) (citing *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). In considering whether to grant a request for a declaratory judgment, the court should examine:

> (i) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; (ii) whether a judgment would finalize the controversy and offer relief from uncertainty; (iii) whether the proposed remedy is being used merely for 'procedural fencing' or a 'race to res judicata'; (iv) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and (v) whether there is a better or more effective remedy.

*Dow Jones & Co., Inc. v. Harrods Ltd.*, 346 F.3d 357, 359-60 (2d Cir. 2003) (quoting *Dow Jones*, 237 F. Supp. 2d at 359-60) (internal quotation marks omitted). Injunctive relief is similarly circumscribed. *See U.S. v. Schulz*, 517 F.3d 606, 607 (2d Cir. 2008) ("Injunctive relief should be narrowly tailored to fit the specific legal violations.") (quoting *Soc'y for Good Will to Retarded Children, Inc. v. Cuomo*, 737 F.2d 1239, 1251 (2d Cir. 1984)); *see also Patsy's Italian Rest., Inc. v. Banas*, 575 F. Supp. 2d 427 (E.D.N.Y. 2008) (to obtain permanent injunctive relief, a plaintiff must "show the absence of an adequate remedy at law and irreparable harm if the relief is not granted") (quoting *Roach v. Morse*, 440 F.3d 53, 56 (2d Cir. 2006)).

---

infringement of Hobre's rights, it would be difficult for plaintiffs to provide additional evidence to prove negatives.

The sole basis for plaintiffs' request for relief are two cease-and-desist letters sent by Hobre and its counsel in October and December 2008, respectively. Although the parties engaged in settlement discussion in April 2009, plaintiffs have not provided any evidence that Hobre has in fact pursued legal recourse against plaintiffs, let alone that Hobre intends to do so in the future. In response, Hobre has submitted a declaration by Jeannott Kok, who is the company's Chief Executive Officer. Mr. Kok acknowledges that, in 2008, he became concerned that plaintiffs had produced what he perceived to be a "knock-off" of Hobre's calorimeter product. (Docket Entry 22 ¶ 9.) However, Mr. Kok states that "[d]ue to the expense of pursing a lawsuit in the United States, and due to the fact that Hobre had developed its next generation of calorimeters, [Hobre] decided to let our products battle in the competitive marketplace. After negotiations broke off in the spring 2009, Hobre took no affirmative legal steps against [plaintiffs]." (*Id*. ¶ 10.) This position is supported by the fact that Hobre has not asserted any infringement counterclaims in this case, as would be their right.

In light of Hobre's undisputed claim that it will not pursue legal recourse against plaintiffs over the Cosa 9600 and New Cosa 9600 products, plaintiffs have failed to show that there is an actual controversy for this court to resolve. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (providing that declaratory judgments should only issued where the facts show a substantial controversy "of sufficient immediacy and reality" to warrant relief).[3] As such, the entry of a declaratory judgment would not serve a useful purpose. The undersigned is

---

[3] Although *MedImmune* addressed the court's subject-matter jurisdiction in patent litigation, "principles applicable to declaratory judgment actions involving patents are generally applicable with respect to trademarks." *Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 596 (2d Cir. 1996).

also persuaded by Hobre's argument that plaintiffs seek to use this proceeding to gain a competitive advantage over future products not at issue here. Mr. Kok states that he has learned that plaintiffs have recently presented court papers, including the proposed default judgment, to Hobre's potential customers. (Docket Entry 22 ¶ 12.) The undersigned notes that plaintiffs seek to broadly enjoin Hobre from challenging plaintiffs' rights to sell any products, including but not limited to the COSA 9600 and New COSA 9600. This clearly violates the equitable principle that a declaratory judgment should clarify and settle only the issues before the court, and that injunctive relief should be narrowly tailored to fit specific legal violations. Accordingly, absent any showing that Hobre is pursuing or will pursue legal recourse over the COSA 9600 and New COSA 9600 products, the undersigned respectfully recommends that the district court exercise its discretion and deny plaintiffs' request for a declaratory judgment and an injunction.

As for plaintiffs' request for attorneys' fees, the court presumes that plaintiffs rely upon the Lanham Act and the Copyright Act as the legal basis for such an award. Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a)(3). Such an award should be granted "only 'on evidence of fraud or bad faith.'" *Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*, 166 F.3d 438, 439 (2d Cir.1999) (quoting *Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.*, 996 F.2d 1366, 1383 (2d Cir. 1993)). Under the Copyright Act, attorneys' fees are available to prevailing parties under the court's discretion. *See Medforms, Inc. v. Healthcare Mgmnt Solutions Inc.*, 290 F.3d 98, 117 (2d Cir. 2002). In making this determination, the court should consider frivolousness, motivation and objective unreasonableness. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 n.19 (1994). Even assuming that plaintiffs are the prevailing parties in this action, they have not presented any

evidence of Hobre's bad faith, frivolousness, ill motivation or objective unreasonableness beyond the allegations contained in the complaint. While this showing suffices for a finding of liability, it does not support an award of attorneys' fees. Further, the amount sought is not presumptively reasonable given the undersigned's recommendation that no relief be afforded to plaintiffs. *See Simmons v. New York City Transit Authority*, 575 F.3d 170, 174 (2d Cir. 2009) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 112, 118 (2d Cir. 2007)). Accordingly, the undersigned recommends that plaintiffs' request for an award of attorneys' fees and costs be denied.

### RECOMMENDATION

For foregoing reasons, the undersigned respectfully recommends that plaintiffs' motion for a declaratory judgment, injunctive relief and attorneys' fees be denied. Any objections to this Report and Recommendation must be field with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
February 24, 2010

_____/s_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge